USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/13

Engelmayer, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDAN McNAMARA,

Plaintiff,

v.

THESTREET, INC. and THE DEAL, L.L.C.,

Defendants.

Case No. 12-cv-7788 (PAE)

**ECF CASE**

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the undersigned Parties have agreed to, and the Court approves, the following terms governing confidential information and, IT IS HEREBY ORDERED THAT:

1. A party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter, whether by itself or by the opposing party, that it reasonably and in good faith believes contain confidential, non-public and/or proprietary information or that otherwise qualify for protection under Federal Rule of Civil Procedure 26(c).

2. As used herein:

(a) "Designating Party" shall mean any party to this action designating material as CONFIDENTIAL.

(b) "Non-Designating Party" shall mean the party to this action and/or any non-party receiving material marked as CONFIDENTIAL.

3. Designations in conformity with this Order may be made as follows:

(a) for information in documentary form (other than depositions or other transcripts), by stamping or labeling the first page of each such document CONFIDENTIAL or

by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question;

(b) for testimony given in deposition or other proceeding, by notifying all counsel of record prior to, during, or after the proceeding of the pages or exhibits or portions thereof that are considered CONFIDENTIAL; and

(c) for information or items produced in some form other than documentary, by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL.

4. Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, and other staff and agents and vendors of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff Aidan McNamara; (d) any potential witness or individual whom Plaintiff, by and through his counsel, believe in good faith has a need to review such documents or information for purposes of this litigation and provided such individual is first informed of the terms of this Order and agrees to abide by them; (e) principals, officers, agents and employees of Defendants or other persons whom Defendants believe in good faith have a need to review such documents or information for purposes of this litigation; (f) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (g) deponents and trial witnesses in this action; (h) the Court, Court personnel, court reporters and jurors; and (i) any other person agreed to by the parties. CONFIDENTIAL documents or information disclosed to any person

pursuant to this paragraph shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (i) of this paragraph.

5. Any person who is to obtain access to material subject to this Order pursuant to paragraph 4(f) shall, prior to receipt of such material, (a) be informed by the party providing access to such material of the terms of this Order; (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement; and (c) submit to the authority of this Court for enforcement of this Order.

6. If counsel for a party herein shall hereafter desire to make material subject to this Order available to any person other than those referred to in paragraph 4 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the Parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 4, disclosure may be made only on such terms as the Court may order.

7. If a party objects to the designation of any document or information as CONFIDENTIAL, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If the Parties' dispute regarding the objection cannot be resolved by agreement, counsel for the Designating Party may request an informal conference with the Court pursuant to Local Civil Rule 37.2 and Judge Engelmayer's Individual Rules and Practices in Civil Cases. If the Court denies the request for an informal conference, or the dispute has not been resolved as a consequence of such a conference, counsel for the Designating Party may make an application to the Court to resolve the dispute not later than thirty (30) days after the objection was first asserted. The documents or information that is the subject of the confidentiality designation dispute shall remain treated as CONFIDENTIAL under the protection

of this Order pending the Court's decision resulting from the informal conference or, if the dispute is not resolved by informal conference, the Court's ruling on the motion. An objection to the designation of discovery material as CONFIDENTIAL may be made at any time. Acceptance by any party of discovery material designated as CONFIDENTIAL shall not constitute a concession that any such discovery material is appropriately so designated. All discovery material designated as CONFIDENTIAL by a Designating Party will be treated as CONFIDENTIAL unless such designation is changed by mutual agreement of the parties or Court order.

8. If a Non-Designating party seeks to file with this Court any documents and/or information, or any papers incorporating or revealing the contents of the documents and/or information marked as CONFIDENTIAL, the party wishing to file CONFIDENTIAL documents and/or information must make a request to the Court by letter pursuant to Section 4.B. of Judge Engelmayer's Individual Rules and Practices to allow the documents and/or information be filed under seal. The Designating Party shall file, by letter, any additional support for filing the CONFIDENTIAL documents under seal within 10 days after the date of the Non-Designating Party's request by letter to file papers, documents or information under seal.

9. The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the Parties shall destroy or return to counsel for a party that produced materials subject to this Order originals and all copies of such materials. At such time, each party must certify that the terms of this paragraph have been complied with. Notwithstanding the provisions of this paragraph, and counsel are entitled to retain, for no longer than four years following final termination of the action, an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

correspondence, or attorney work product, even if such materials contain material subject to this Order. Any such retained materials shall remain subject to the terms of this Order.

10. Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the Parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of highly sensitive information. Prior to the use at trial of material subject to this Order, all stamps, labels or other designations placed on the material pursuant to this Order shall be removed.

11. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity that any particular document or information is, or is not, confidential, or (b) prejudice in any way the right of any party to seek a Court determination of whether it should remain confidential and subject to the terms of this Order.

12. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

13. It is recognized by the Parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents, information or testimony may be designated erroneously as confidential, or documents, information or testimony that are entitled to confidential treatment may erroneously not be designated as confidential. The Parties to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents or other materials for which there is a change in designation.

14. Nothing in this Order shall prevent the Designating Party from using or disclosing their own documents or information for any purposes outside of this litigation, regardless of

whether they are designated CONFIDENTIAL. Similarly, nothing in this Order shall prevent the Designating Party from using or disclosing their own documents in any public filing in connection with this litigation without redaction and/or filing under seal; however, if a party discloses documents that it has designated CONFIDENTIAL in a public filing without redacting or filing the documents under seal, the Non-Designating Party is relieved of the obligation to maintain the document as CONFIDENTIAL. Any inadvertent filing by the Designating Party of documents and/or information, or any papers incorporating or revealing the contents of the documents and/or information marked as CONFIDENTIAL, by ECF shall not operate as an admission or assertion by any witness, person or entity that any particular document or information is, or is not, confidential, so long as the Designating Party notifies the Non-Designating Party Party and this Court of the inadvertent disclosure within 5 days after the ECF filing. Such inadvertent filing shall not prejudice in any way the right of the Designating Party to seek a Court determination of whether the material should remain CONFIDENTIAL and subject to the terms of this Order and/or whether the inadvertently filed material should be sealed.

15. If a Non-Designating Party learns that it has disclosed, by inadvertence or otherwise, material subject to this Protective Order to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the Agreement To Be Bound By Protective Order attached hereto.

16. Given that the parties have requested considerable amounts of documents and information in discovery, and to facilitate discovery and protect claims of privilege and/or work

product, the following terms shall apply: The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or not at the time of disclosure, shall not be deemed a waiver in whole or in part of the disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Further, the Parties shall not assert the other party's production of documents or information in response to discovery requests in this case as grounds for claiming that the other party waived privilege or work product protection over documents or information withheld from production. Should Privileged Material be inadvertently or unintentionally produced, the recipient shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court. If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution pursuant to Judge Engelmayer's Individual Rules and Practices; pending a ruling, the recipient of the material in issue need not return or destroy it but must segregate the material from all other case and other materials and shall not use the material or disclose it. Further, whether or not the recipient disputes the disclosing party's Demand, if the recipient has already shared such Privileged Material prior to recognizing its protected status or

prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect all copies.

Dated: February 13, 2013

Respectfully submitted,

Ariel Y. Graff
Robert W. Ottinger
THE OTTINGER FIRM, P.C.
20 West 55th Street, 6th Floor
New York, New York 10019
Tel: 212.571.2000
Fax: 212.571.0505
ari@ottingerlaw.com
Robert@ottingerlaw.com

*Attorneys for Plaintiff Aidan McNamara*

Respectfully submitted,

Matthew W. Lampe
Kristina A. Yost
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@jonesday.com
kyost@jonesday.com

*Attorneys for Defendants TheStreet, Inc. and The Deal, L.L.C.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 2/14/13

Paul A. Engelmayer
United States District Judge



NYI-4499279v3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDAN McNAMARA,

Plaintiff,

v.

THESTREET, INC. and THE DEAL, L.L.C.,

Defendants.

Case No. 12-cv-7788 (PAE)

**ECF CASE**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ________________, the undersigned, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this action, and that I have read such Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded.

Dated: ____________________

____________________________
Print Name

____________________________
Print Address